| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

VERNON KING, JR., §
§
       Plaintiff, §
§
*versus* § CIVIL ACTION NO. 1:14-CV-108
§
UNKNOWN PARTIES, *et al.*, §
§
       Defendants. §

**MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

    Plaintiff Vernon King, Jr., a prisoner confined at the Estelle Unit of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), proceeding *pro se,* filed this civil rights action pursuant to 42 U.S.C. § 1983 against unidentified defendants employed at the Stiles and Estelle Units of TDCJ-CID.

    The court ordered that this matter be referred to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge has submitted a Report and Recommendation of United States Magistrate Judge. The magistrate judge recommends denying plaintiff leave to proceed *in forma pauperis* and dismissing the action without prejudice.

    The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record, pleadings, and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation.

    The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes

the objections are without merit. As the magistrate judge recommended, the claims that arose at the Estelle Unit should be dismissed without prejudice to plaintiff's ability to pursue his claims in the appropriate venue. The claims that arose at the Stiles Unit should be dismissed because plaintiff failed to show that he was in imminent danger of serious harm when he filed this action.

Furthermore, and in the alternative, the court notes that the claims that arose at the Stiles Unit are barred by the statute of limitations. The limitations period for a § 1983 action is determined by the forum state's general personal injury limitations period, which is two years in Texas. *Whitt v. Stephens County*, 529 F.3d 278, 282 (5th Cir. 2008). Because the events at issue in this case took place in 2009, the statute of limitations expired more than two years ago.

## ORDER

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. Plaintiff is **DENIED** leave to proceed *in forma pauperis*. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

**Signed this date.**
**May 27, 2014**

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE